## United States District Court
## District of Massachusetts

```
_____
                            )
JOSE CARLOS DE SOUZA and SIRLENE )
MARIA GROBBERIO STEFANON,    )
                            )
          Plaintiffs,       )
                            )        Civil Action No.
          v.                )        12-10197-NMG
                            )
SECRETARY JANET NAPOLITANO et )
al.,                        )
                            )
          Defendants.       )
_____ )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises out of the revocation of plaintiff
Jose Carlos De Souza's previously approved Form I-140
Immigration Petition for Alien Worker ("I-140 petition") by the
United States Citizenship and Immigration Services ("USCIS").
Pending before the Court are the parties' cross-motions for
summary judgment. For the reasons that follow, the defendants'
motion will be allowed and the plaintiffs' motion will be
denied.

## I.    Background

### A.    Statutory framework

The Immigration and Nationality Act provides for the
classification of an alien seeking admission to the United
States based on an offer of permanent employment as a skilled

worker under the "third preference" category. 8 U.S.C. §
1153(b)(3)(A)(i). The Secretary of Homeland Security ("the
Secretary") has delegated to USCIS the authority to accept,
reject and/or adjudicate immigrant visa petitions.

Before filing a petition with USCIS, an employer must
obtain certification from the Department of Labor ("DOL")
stating that there are no qualified, able and willing United
States workers able to fill the employer's job opening. If DOL
approves the application, the employer may then file an I-140
petition with USCIS to request that the alien be classified as
an employment-based immigrant.

If USCIS denies the employer's I-140 petition, the employer
may appeal the decision to the Administrative Appeals Office
("AAO"). 8 C.F.R. § 103.3(a)(1)(ii). The AAO's decision
constitutes the final agency action.

An approved I-140 petition may, however, be revoked. Under
8 U.S.C. § 1155,

> [t]he Secretary of Homeland Security may, at any time, for
> what he deems to be good and sufficient cause, revoke the
> approval of any petition [for an immigrant visa].

Such revocation authority has also been delegated to USCIS. As
with decisions to deny an I-140 petition, decisions to revoke an
approved petition may be appealed to the AAO by the petitioning
employer.

## B.  Factual background

Jose Carlos De Souza ("De Souza") and his wife Sirlene Maria Grobberino Stefanon ("Stefanon") (collectively, "plaintiffs") filed suit in February, 2012 against the defendants in their official capacities for violations of the Administrative Procedures Act, the Immigration and Nationality Act and the plaintiffs' rights to due process.[1]

Plaintiffs are natives and citizens of Brazil and currently reside in Beverly, Massachusetts.  De Souza entered the country in 1998 and found a position as a cook at Creative Catering in Beverly, Massachusetts shortly thereafter.  In 2001, Creative Catering filed a foreign labor certification with DOL on De Souza's behalf and that was subsequently approved.  Creative Catering then filed an I-140 petition with USCIS on De Souza's behalf, which was approved in March, 2003.  Such approval made De Souza, as the primary applicant, and Stefanon, as the derivative applicant, eligible for adjustment of status to permanent residents.  They each filed the necessary Application to Adjust Status or Register Permanent Residence ("Form I-485") in May, 2003.

In 2006, De Souza "ported" his approved I-140 petition to his current employer, Century House in Peabody, Massachusetts.

---

[1] Jeh Johnson replaced Janet Napolitano as the Secretary of Homeland Security on December 23, 2013.

"Porting" is a process which allows beneficiaries of I-485 applications that have been pending for more than six months to change employers without invalidating their petition so long as the new position is in the same or similar classification.

USCIS revisited De Souza's I-140 petition after discovering that the plaintiffs' attorney had engaged in fraudulent conduct in another case. In February, 2009, after plaintiffs' adjustment application had been pending for nearly six years, USCIS issued a Notice of Intent to Revoke ("NOIR") the underlying I-140 petition, upon which the Form I-485 depended. It issued a second NOIR later that month. Both documents stated that there was no proof that the labor certification process was properly followed.

USCIS issued a Notice of Revocation the following month and a second Notice of Revocation in May, 2009 based on the second NOIR. Plaintiffs and Century House appealed both of those Notices and both were denied for lack of standing because USCIS decreed that only the affected party, Creative Catering, was entitled to appeal. In October, 2009, USCIS denied plaintiffs' Form I-485 based on the I-140 petition revocations.

In November, 2012, USCIS reopened the matter <u>sua</u> <u>sponte</u> and issued a third NOIR. No one responded to that NOIR. USCIS thus revoked plaintiffs' I-140 petition for a fourth time and certified the matter for review to the Administrative Appeals

Office.  In June, 2013, the AAO affirmed the revocation on the grounds that 1) Century House lacked standing to appeal the administrative decision and 2) the materials submitted in support of the petition were deficient.

### C.    Procedural history

Plaintiffs initiated this lawsuit in February, 2012 and filed an amended complaint several months later.  They filed a second amended complaint in December, 2012 claiming that the defendants violated the Administrative Procedures Act, the Immigration and Nationality Act and the plaintiffs' rights to due process.  The parties filed cross-motions for summary judgment in July, 2014.

## II.  <u>Cross-Motions for Summary Judgment</u>

The parties assert that they are each entitled to judgment as a matter of law.  Plaintiffs contend that the government violated statutory authority and their rights to due process because it 1) failed to take De Souza's "ported" I-140 petition approval into account when insisting that Century House lacked standing, 2) exaggerated perceived inconsistencies in De Souza's employment history and 3) tolerated "extraordinary delay" in adjudicating the visa petition.

Defendants, in their cross-motion for summary judgment, contend that the Court lacks jurisdiction over this case because 1) the plaintiffs lack standing to challenge the I-140

revocation, 2) USCIS's revocation decision was discretionary and therefore not subject to judicial review and 3) the alternate grounds for jurisdiction raised by the plaintiffs fail as a matter of law.  They also dispute the substantive arguments raised by the plaintiffs.

The Court begins its analysis with the threshold jurisdictional question raised in the defendants' motion for summary judgment.

### A.   Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Johnson v. Gordon, 409 F.3d 12, 16-17 (1st Cir. 2005)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of material fact exists where the evidence with respect to the

material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. Johnson, 409 F.3d at 17. Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Id.

**B. Application**

**i. Subject matter jurisdiction**

An "objection that a federal court lacks subject matter jurisdiction may be raised at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 500 (2006). Defendants assert that they are entitled to summary judgment because the Court lacks subject matter jurisdiction to review USCIS's decision to revoke the I-140 petition. Defendants contend that the decision was committed to agency discretion under the plain language of 8 U.S.C. § 1155 because the statute provides that

the Secretary "may, at any time, for what he deems to be good and sufficient cause," revoke the approval of the petition.

Federal courts lack jurisdiction to review discretionary decisions under 8 U.S.C. § 1252(a)(2)(B)(ii), which provides in relevant part that

> no court shall have jurisdiction to review ... any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

Plaintiffs respond that USCIS's decision is not discretionary and is subject to judicial review because the revocation must be based on "good and sufficient cause." Citing Ninth Circuit authority, they contend that an absolute and unreviewable authority to revoke would render the clause meaningless. See ANA Int'l, Inc. v. Way, 393 F.3d 886, 898 (9th Cir. 2004) (holding that the authority to revoke under 8 U.S.C. § 1155 is "bounded by objective criteria" and is therefore reviewable).

This Session of this Court, however, has previously held that it lacked jurisdiction to review a determination by USCIS to revoke an I-140 petition. See Magalhaes v. Napolitano, 941 F.Supp.2d 150, 153 (2013); see also Patel v. Johnson, CIV.A. 12-12317-WGY, 2014 WL 930823, *6 (D. Mass. Mar. 11, 2014) (holding that the decision to revoke approval of I-140 petition is discretionary and not subject to judicial review).

-8-

Although the question of whether a court has jurisdiction to review the revocation of an immigration petition has not been decided by the First Circuit, this Court noted in Magalhaes that seven of the eight Circuit courts that have considered this question have held that the language of § 1155 "plainly signifies a discretionary decision." 941 F. Supp. 2d at 152 (quoting El-Khader v. Monica, 366 F.3d 562, 567 (7th Cir. 2004). See also Mehanna v. USCIS, 677 F.3d 312 (6th Cir. 2012); Green v. Napolitano, 627 F.3d 1341 (10th Cir. 2010); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009); Sands v. DHS, 308 F. App'x 418, 419-20 (11th Cir. 2009) (unpublished), cert denied, 130 S. Ct. 64 (2009); Ghanem v. Upchurch, 481 F.3d 222 (5th Cir. 2007); Julin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006).  Only the Ninth Circuit has found that § 1155 does not render the decision purely discretionary.  See e.g. ANA Int'l, 393 F.3d at 898.

This Court rejected the Ninth Circuit's interpretation and agreed with the dissent in ANA Int'l, which noted that the majority opinion took the clause "good and sufficient cause" out of context because it failed to consider the preceding words, "what he deems to be...". See Magalhaes, 941 F.Supp.2d at 152-53 (citing ANA Int'l, 393 F.3d at 897).  In adopting the majority construction of the statute, this Court therefore concluded that by using the terms "may", "at any time" and "what he deems to

-9-

be" in § 1155, Congress sought to specify that the authority to make revocation decisions is within the discretion of defendants and outside the scope of judicial review. Id. at 153.

The Court commiserates with the plaintiffs' unfortunate predicament and perceives no logical reason why an employer to whom an approved I-140 petition has been "ported" ought not have standing to appeal an adverse ruling of the Secretary but the AAO has ruled otherwise and plaintiffs have not cited case law to the contrary.  Having concluded that the Court lacks subject matter jurisdiction to review USCIS's determination to revoke plaintiffs' I-140 petition, it declines to address further the questions of standing or the substantive merits of the case raised by the plaintiffs.

## ORDER

In accordance with the foregoing, plaintiffs' motion for summary judgment (Docket No. 69) is **DENIED** and defendants' cross-motion for summary judgment (Docket No. 70) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 26, 2014